MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

SUZANNE B. MILES (CABN 242048)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7146
    Fax: (415) 436-7238
    Email: suzanne.miles@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JORDAN JACKSON and<br>MERCEDEZ KIDD,<br><br>    Defendants. | CASE NO. 13-CR-00363 EMC<br><br>STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER |

    Plaintiff, United States of America, by and through Melinda Haag, United States Attorney for the Northern District of California, and Suzanne B. Miles, Assistant United States Attorney for the Northern District of California, defendant, Jordan Jackson, and his attorney David W. Shapiro, and defendant Mercedez Kidd, and her attorney Jodi Linker, hereby stipulate and agree as follows:

    WHEREAS the defendants are charged in a two-count Indictment with violations of Title 18, United States Code, sections 1591(a) and 1594(c). In connection with this Indictment, the United States is in possession of police reports, FBI reports, other documents, and media that identify alleged victims in this case. To date, the government has identified two individuals that it contends are victims under the age of 18 bearing the initials V.M. and K.G., and a third alleged victim of unconfirmed age

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER

1 identified in the materials obtained to date only by a first name bearing the initial D.

2 WHEREAS pursuant to Title 18, United States Code, section 3771, a crime victim has the right "to be reasonably protected from the accused," and the right "to be treated with fairness and with respect for the victim's dignity and privacy."

WHEREAS pursuant to Title 18, United States Code, section 3509(d), an Attorney for the Government is required to take measures to maintain the confidentiality of documents and other materials that disclose the identity of a child victim or witness to ensure that such materials are disclosed only to those persons who have reason to know such information, by reason of their participation in the proceeding. 18 U.S.C. § 3509(d)(1). The government may fulfill this duty by releasing such information under a protective order. 18 U.S.C. § 3509(d)(3). Such an order may issue upon the court's determination that "there is a significant possibility that such disclosure would be detrimental to the child," and may "provide for any . . . measures that may be necessary to protect the privacy of the child." 18 U.S.C. § 3509(d)(3).

WHEREAS the government asserts that certain of the alleged victims in this case are below the age of 18 and that, given the nature of the alleged crime, the disclosure of identifying information for any of the alleged victims to individuals not participating in these proceedings would unduly violate the victims' dignity and privacy, and whereas the defendants do not now wish to engage in a hearing on whether disclosure would cause such detriment because such a hearing would delay production of discovery necessary to understand the charges in this case, the United States and defendants agree that disclosure of victim identifying information covered hereunder are subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1. The provisions of this Interim Protective Order apply to all documents, video recordings, audio recordings, and pictures or photographs produced by the United States as discovery in this case that identify or depict the alleged victims V.M., K.G., and/or D. The government agrees to provide the full names of V.M., K.G., and D. to defense counsel within a reasonable time after the Court signs this order.

2. The following individuals (the "defense team") may examine any material identified in paragraph one, above, under the conditions set forth herein for the sole purpose of preparing the defense

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER

and for no other purpose:

    a.    Counsel for defendant;

    b.    Persons employed by defense counsel who are assisting with the preparation of the defense;

    c.    Any expert retained on behalf of the defendant to assist in the defense of this matter;

    d.    Any investigator retained on behalf of defendants to assist in the defense of this matter.

In addition, Defendants may examine such materials within the presence of a member of the defense team for the same enumerated purpose.

3.    Members of the defense team agree to treat any materials described in paragraph one, above, as confidential, meaning that they will not be shared with anyone outside the defense team without stipulation of the parties or a Court order, that they will not be included in any public filings, either in summary, in part, or as exhibits or attachments.  Defense team members also agree that the identities and photographs of the alleged victims in this case will not be revealed to anyone outside the defense team without the stipulation of the parties or a Court order, except that photographs of the alleged victims covered by this order may be shown – but not distributed to – witnesses, for the sole purpose of preparing the defense and alleged victims' names, aliases, or other identifying information may be used in connection with defense interviews of potential witnesses.  To the extent that alleged victims are identified in public filings, the parties shall refer to the victims by initials only.

4.    Members of the defense team agree to destroy or return to the United States any documents or other media covered by this Interim Protective Order at the end of this litigation.  Such documents will

//
//
//
//
//
//
//

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER

be maintained by the United States in accordance with the preservation policies of the relevant investigating and prosecuting offices.

SO STIPULATED:

MELINDA HAAG
United States Attorney

DATED: _July 12, 2013

/s/
SUZANNE B. MILES
Assistant United States Attorney


DATED: July 12, 2013

/s/
DAVID W. SHAPIRO
Attorney for Defendant Jordan Jackson


DATED: July 15, 2013

/s/
JODI LINKER
Attorney for Defendant Mercedez Kidd


SO ORDERED.

DATED: 7/18/2013

HON. EDWARD M. CHEN
United States District Court Judge

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER