1  MELINDA HAAG (CABN 132612)
   United States Attorney

2  J. DOUGLAS WILSON (DCBN 412822)
3  Chief, Criminal Division

4  HARTLEY M. K. WEST (CABN 191609)
   Assistant United States Attorneys
5
       450 Golden Gate Ave.
6      San Francisco, California 94102
       Telephone: (415) 436-6747
7      FAX: (415) 436-7234
       E-Mail:  hartley.west@usdoj.gov
8
   Attorneys for United States of America
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13 | UNITED STATES OF AMERICA,        ) NO. CR 13-363-1 EMC
                                      )
14 |     Plaintiff,                   ) UNITED STATES' SENTENCING
                                      ) MEMORANDUM FOR JORDAN JACKSON
15 | v.                               )
                                      )
16 | JORDAN JACKSON,                  ) Sentencing Date: July 30, 2014
                                      ) Time: 2:30 p.m.
17 |     Defendant.                   ) Judge: Hon. Edward M. Chen
                                      )
18                                    )
                                      )
19

20                              **INTRODUCTION**

21     Defendant Jordan Jackson pleaded guilty to one count of conspiracy to commit sex trafficking, in

22 violation of 18 U.S.C. § 1594(c), in exchange for the government dismissing a substantive sex

23 trafficking count. For the reasons discussed below, the government recommends that Jackson be

24 sentenced to 100 months' imprisonment, five years' supervised release, and a $100 special assessment.

25                               **DISCUSSION**

26 **A.    Offense Conduct**

27     The facts are well summarized in the PSR, and generally set forth in Paragraph 2 of the Plea

28 Agreement. Between April 6, 2013, and April 20, 2013, Jackson knowingly conspired with Mercedez

U.S. SENTENCING MEMORANDUM
CR 13-363-1 EMC

Kidd to recruit, entice, harbor, transport, and maintain the victim, V.M., in reckless disregard of V.M.'s true age. As part of this conspiracy, Jackson admitted, he intended that V.M. would and did engage in commercial sex acts. During their initial meeting on April 6, 2013, Jackson agreed that he and Kidd both used physical force against V.M., that he had sexual intercourse with V.M., and that Kidd orally copulated V.M. and ordered V.M. to reciprocate. Jackson agreed that V.M. was 16 years old at the time of this offense.

Jackson further agreed that he used a computer or interactive computer service, in that he posted digital photographs that he took of V.M. on "MyRedbook.com," to offer and solicit third parties to engage in prohibited sexual conduct with V.M. between April 6 and April 20, 2013. Jackson and Kidd kept at least some of the proceeds of these sex acts, including the $1,645.28 found in Kidd's bag at the time of Jackson and Kidd's arrest. Jackson also agreed that three cell phones were subject to forfeiture because they were used to commit and facilitate sex trafficking, to take and post photographs and to communicate with potential customers for V.M.

**B.     The Plea Agreement**

As part of the Plea Agreement, the parties agreed that the Sentencing Guidelines offense level would be calculated as follows, except that the defendant reserved his right to argue that the sentencing enhancement for undue influence does not apply.

|   |   |   |   |
|---|---|---|---|
| | a. | Base Offense Level, U.S.S.G. § 2G1.3(a)(4): | 24 |
| | b. | Specific offense characteristics: | |
| | | Undue influence, U.S.S.G. § 2G1.3(b)(2)(B) | +2 |
| | | Use of interactive computer service, U.S.S.G. § 2G1.3(b)(3) | +2 |
| | | Involved sex act, U.S.S.G. § 2G1.3(b)(4) | +2 |
| | c. | Acceptance of Responsibility:<br>If I meet the requirements of U.S.S.G. § 3E1.1 through<br>Sentencing, I may be entitled to a 3-level reduction. | -3 |
| | d. | Adjusted Offense Level with undue influence: | 27 |
| | | Adjusted Offense Level without undue influence: | 25 |

The parties further agree that defendant would not ask for any other adjustment to, or reduction in, the offense level or for a downward departure from the offense level and Guidelines range as

determined by the Court, except that he could argue for a variance from the Guidelines range based upon the factors enumerated in 18 U.S.C. § 3553(a), which the government could oppose. Finally, the parties agreed that any sentence of imprisonment shall not exceed 15 years.

**C.      Guidelines Calculation**

The United States and Probation Office agree that the undue influence enhancement applies, yielding an Offense Level of 27.

Section 2G1.3(b)(2)(B) requires a two-level increase if "a participant . . . unduly influenced a minor to engage in prohibited sexual conduct." Application Note 3 offers this guidance:

> In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine wether a participant's influence over the minor compromised the voluntariness of the minor's behavior. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring.

U.S.S.G. § 2G1.3(b)(2)(B), App. N. 3(B). Moreover, "there shall be a rebuttable presumption that subsection (b)(2)(B) applies" where "a participant is at least 10 years older than the minor." *Id.* "[S]ome degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor." *Id.*

As set forth in the PSR, the victim, V.M., would be expected to testify that when she arrived at Jackson's hotel room for a "date," Jackson grabbed her arm, pulled her into the room, punched her in the head, and then punched and kicked her repeatedly while she lay on the floor. The victim was coughing up blood. PSR ¶ 8. The victim would further testify that Jackson threatened to beat her up again if she did not do as he told her, told her he had a gun, raped her, forced her to perform oral sex on him, and forced her to use drugs. PSR ¶¶ 10, 13-14.

While Jackson denies these allegations, he admitted in his plea agreement that he "used physical force" against V.M. Plea Agr. ¶ 2. Moreover, at the time Jackson conspired to traffic V.M. for sexual acts, he was nine years older than V.M. While just shy of the ten-year difference necessary to establish a rebuttable presumption of undue influence, nine years is nonetheless still quite a substantial age difference.

The United States believes these undisputed facts adequately establish the existence of some degree of undue influence, thus warranting the two-level enhancement under § 2G1.3(b)(2)(B).

Accordingly, the government does not intend to call V.M. to testify at the sentencing hearing.

Applying the undue influence enhancement, Jackson's total offense level is 27. At Criminal History Category IV, the advisory Guideline range is 100-125 months.

**D.      18 U.S.C. § 3553(a) Factors**

Title 18, United States Code, Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" after considering "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with training, medical care, or other correctional treatment; the Sentencing Guidelines; and the need to avoid unwarranted sentencing disparity between similarly situated defendants.

The government believes that a 100-month sentence is appropriate in light of the § 3553(a) factors. Jackson's offense – conspiring to traffic a minor for commercial sex acts – is extremely serious. He admitted in his plea agreement that he did in fact traffic the victim, and that he used physical force against her in the course of this offense. Such conduct warrants a heavy sentence.

Moreover, the PSR reveals that Jackson had many advantages in life, and a loving, supportive family committed to helping him succeed. There is nothing in Jackson's background that constitutes mitigating circumstances warranting a sentence outside the guideline range.

Finally, there is no unwarranted sentencing disparity with codefendant Kidd. Jackson faces a much guideline range due to his many prior criminal contacts. In addition to the different guideline range, the government's recommended 60-month sentence for Kidd takes into account her history of mental health issues and the physical abuse, including the abuse she suffered in her relationship with Jackson.

In light of these facts, the government believes that a sentence of 100 months' imprisonment and five years' supervised release is needed to reflect the seriousness of Jackson's offense, provide just punishment, protect the public, promote Jackson's respect for the law, and afford adequate deterrence.

///

///

## **CONCLUSION**

For these reasons, the United States respectfully requests this Court to sentence Jackson to 100 months' imprisonment, five years' supervised release, and a $25 special assessment.

DATED: July 18, 2014

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/

HARTLEY M. K. WEST
Assistant United States Attorney