# BOERSCH SHAPIRO LLP

## SAN FRANCISCO

DAVID W. SHAPIRO
MARTHA BOERSCH
LARA KOLLIOS

August 1, 2014

<u>ECF Filing</u>
Honorable Edward Chen
United States District Judge
United States District Court
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:    *United States v. Jordon Jackson, et al.*
              USDC Northern District Case No. 13-CR-00363-EMC

Honorable Judge Chen:

      We write in connection with the Court's direction to the Probation Department to modify the presentence report in the captioned case.

      On August 1, 2014, I asked the probation officer to provide a draft of the proposed modifications to the Presentence Report before sending it to the Court, and also to modify references to the offense conduct that may be in other parts of the PSR (such as the Addendum and the Recommendation). The probation officer declined, saying that, "I can not amend anything the Judge did not order. The original version of the offense conduct will remain in the report with the sentence added, 'The alleged facts are disputed by the defendant.' The stipulated facts from the Plea Agreement will also be added. You may not agree with information contained elsewhere in the report but that does not require that changes be made."

      The PSR was improper because (a) it was incomplete and consigned Mr. Jackson's version of events to a parenthetical; (b) it "rebutted" Mr. Jackson's objections by (i) summarizing Mr. Jackson's seven pages of objections to the original PSR (which are attached hereto as an exhibit) to two and a half pages (while ignoring some of the objections) and then (ii) arguing the probation officer's viewpoint rather than the undisputed evidence; and (c) used the unproved allegations to form the probation officer's recommendation that the Court impose a harsh sentence.

Hon. Edward Chen
United States District Judge
August 1, 2014

Page 2 of 2

      We request that the Court direct the probation department to (a) add the stipulated facts to the start of the offense conduct; (b) modify the offense conduct section of the report to incorporate Mr. Jackson's version of events (and not the probation officer's summary of Mr. Jackson's version); (c) modify other portions of the PSR that refer to the original version of events described in the PSR; and (d) make clear that the government chose not to try to disprove Mr. Jackson's version of events and did not call witnesses at the sentencing hearing, and the Court expressly stated that it did not resolve the disputed facts and did not rely on disputed facts for sentencing purposes.

      If the modified PSR does not properly describe Mr. Jackson's version of events, then we request that the Court order that Mr. Jackson's objections to the original PSR be appended to the modified PSR.

      There is nothing in Rule 32 of the Federal Rules of Criminal Procedure that suggests that the Probation Department should become an advocate against a defendant. To the contrary, each subsection of Rule 32(d) that addresses the PSR's contents dictates a dispassionate exposition of the sentencing guidelines, relevant factors, the defendant's history and characteristics, and other information.

      The PSR will be used by the Bureau of Prisons as the primary source of information about Mr. Jackson and his crime. Since we already objected that it presents inaccurate information, we respectfully request that the Court direct that it be modified to present a dispassionate exposition of the events.

      Very truly yours,

      David W. Shapiro