ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ERIN A. CORNELL (CABN 227135)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7124
     Facsimile: (415) 436-7234
     erin.cornell@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 13-00363-1 EMC |
|     Plaintiff, | ) **UNITED STATES' SENTENCING** |
|   v. | ) **MEMORANDUM** |
| | ) **Date: November 21, 2018** |
| JORDAN JACKSON, | ) **Time: 2:30 p.m.** |
| | ) **Ctrm: 5, 17th Floor** |
|     Defendant. | ) |
| | ) **Honorable Edward M. Chen, presiding** |

The government anticipates that on November 21, 2018, the defendant will admit Charges Two, Four and Five, as set forth in the Second Amended Petition for Arrest Warrant for Offender Under Supervision ("Form 12"), filed on August 17, 2018.[1]  Charge Two alleges that the defendant unlawfully possessed marijuana.  Charge Four alleges that the defendant associated with a convicted felon.  Charge Five alleges that from January to May 2018, the defendant failed to submit written reports to his probation, and further failed to notify his probation officer that he had purchased a car from the aforementioned convicted felon.  These are Grade C violations and the defendant's criminal history category is IV, resulting in a Guidelines range of six to twelve months.

---

[1]     The defendant will be arraigned on the new charges in the Form 12 (Charges Four and Five) on the morning of November 21, 2018.

The government agrees with the Probation Officer and recommends that the Court sentence defendant to twelve months' imprisonment and 48 months of supervised released. The defendant was originally sentenced to 50 months of custody and five years of supervised release after he pled guilty to Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1594(c). The facts of his underlying conviction are atrocious – in sum, the defendant, along with his co-defendant Mercedes Kidd, admitted to knowingly conspiring together to recruit, entice, harbor, transport, and maintain a 16-year old victim, intending that the victim would, and in fact did, engage in commercial sex acts. The defendant and his co-defendant further used physical force against the victim, and the defendant had sex with the victim.

This is the defendant's fourth Form 12 since he commenced his supervised release on December 6, 2016. The first Form 12 involved the defendant's failure to participate in sex offender treatment and drug testing. The Court took judicial notice. The second Form 12 involved the defendant's failure to report for drug testing and for using marijuana. The Court took judicial notice. The third Form 12 again involved the defendant's use of marijuana, failure to report for sex offender counseling, failure to follow the directions of his probation officer, failure to participate in drug testing, and failure to notify his probation officer of a change in residence. The Court took judicial notice.

The defendant has repeatedly violated the terms of his supervised release and has not received any punishment for doing so. Thus, in order to punish the defendant for his most recent violations and hopefully deter him from future ones, the government respectfully recommends that the Court sentence the defendant to twelve months' imprisonment – a sentence at the high end of the Guidelines range.

The defendant disputes the allegations contained in Charges One and Three, so in the interest of judicial economy and resolution of the pending matter, the government is agreeing to dismiss these charges, and the defendant is agreeing to admit the remaining three charges. Nevertheless, the allegations in Charge One suggest the defendant has been up to his old ways – pimping. Police found the defendant in a car with an adult woman, who claimed that the defendant had kidnapped her, raped her, and forced her into prostitution. The victim declined to press charges, however, and police officers have not been able to find her to confirm her story or further investigate. The government understands that the defendant contends their encounters were consensual. Nevertheless, in his car officers found a box of condoms and the defendant admitted to possessing marijuana – conduct that forms the basis of

Charge Two.  As demonstrated by the prior Form 12s, the defendant has repeatedly used marijuana, a violation of the terms of his supervised release.

A sentence at the high end of the Guidelines range is warranted because, as noted above, the defendant has repeatedly violated the terms of his supervised release yet has faced no additional custody time.  The government understands that the defendant will be asking for a sentence of six months' imprisonment – such a sentence would merely be a further slap on the wrist.  The defendant has been in custody since approximately July 26, 2018; thus, a sentence at the low end or even the middle of the Guidelines would have little, if any, deterring effect on the defendant, who has already served four months in custody for the pending Form 12.

Accordingly, for the reasons set forth herein, as well as those in the probation officer's sentencing memorandum dated November 8, 2018, the government respectfully recommends that the Court sentence the defendant to twelve months' imprisonment and 48 months of supervised release.

DATED:  November 14, 2018

Respectfully submitted,

ALEX G. TSE
United States Attorney

/s/ *Erin A. Cornell*

_____
ERIN A. CORNELL
Assistant United States Attorney